IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. 1:04cv869-WKW |
| | ) | [WO] |
| MARY WEEKS | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a motion by federal inmate Mary Weeks ("Weeks") to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. After careful consideration of the § 2255 motion, the supporting and opposing submissions, and the record in this case, the court concludes that an evidentiary hearing is unnecessary and that, pursuant to Rule 8(a), *Rules Governing Section 2255 Proceedings in the United States District Courts*, the motion should be denied.

**I.  PROCEDURAL HISTORY**

On July 9, 2002, in accordance with a written plea agreement, Weeks pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344. The district court entered judgment on September 12, 2002, and sentenced Weeks to 46 months' imprisonment. The government moved for a sentence reduction pursuant to Fed.R.Crim.P. 35(b), and on December 22, 2003, the district court re-sentenced Weeks to 37 months' imprisonment. Weeks did not appeal.

On September 12, 2004, Weeks filed this § 2255 motion,[1] asserting as her sole claim

---

[1] Although Weeks's motion was stamped "received" in this court on September 15, 2004, under the "mailbox rule," the court deems her motion filed September 12, 2004, the date Weeks indicates she delivered the motion to prison authorities for mailing. *See Houston v. Lack*, 487 U.S.

that her sentence violates *Blakely v. Washington,* 542 U.S. 296 (2004).  The government responds that Weeks is not entitled to relief because *Blakely* is not retroactively applicable to cases on collateral review.  (Doc. # 3.)  Weeks was afforded an opportunity to respond to the government's submission, and she has done so.  (Doc. # 11.)

## II. DISCUSSION

Weeks argues that the district court's upward adjustment of her offense level at sentencing based on specific offense characteristics constituted judicial fact-finding in violation of *Blakely v. Washington,* 542 U.S. 296 (2004).[2]  *See § 2255 Motion* (Doc. # 1) at 3-4.  The Eleventh Circuit has held that neither the Supreme Court's decision in *Blakely* nor its subsequent decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738 (2005), which applies *Blakely* to the Federal Sentencing Guidelines, is retroactively applicable to cases on collateral review.[3]  *See Varela v. United States*, 400 F.3d 864, 867-68 (11th Cir. 2005).  Thus, the government correctly argues that Weeks' *Blakely* claim entitles her to no relief in this collateral proceeding.

## III. CONCLUSION

---

266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[2]Weeks's offense level was adjusted upward by (1) twelve levels based on the amount of loss, U.S.S.G. § 2F1.1(b)(1)(M); (2) two levels based on "more than minimal planning," U.S.S.G. § 2F1.1(b)(2); (3) four levels based on jeopardizing the safety and soundness of a financial institution, U.S.S.G. § 2F1.1(b)(8)(A); and (4) two levels based on abuse of a position of trust, U.S.S.G. § 3B1.3.  *See* Presentence Investigation Report at 8-9, ¶¶ 18-21.

[3]Weeks's conviction became final on January 2, 2004, ten days after the December 22, 2003, entry date of her revised sentence (i.e., upon expiration of the time for her to file a direct appeal).  The Supreme Court decided *Blakely* on June 24, 2004.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2255 motion filed by Weeks be denied, as the claims therein entitle her to no relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before June 26, 2006. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

DONE, this 12th day of June, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE